```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| SEAN MONTENIQUE MACON, | : | CIVIL ACTION NO. 07-1413 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| CITY OF ASBURY PARK, et al., | : |  |
| Defendants. | : |  |

**THE MAGISTRATE JUDGE**, by order entered December 27, 2007, setting forth a schedule for the prosecution of this action ("First Order") (dkt. entry no. 9); and the Court mailing a copy of the First Order to the plaintiff at the address provided by the plaintiff, who was a pro se prisoner housed in Bayside State Prison (see dkt. entry no. 9, Notice of Mailing); and the copy of the First Order being returned to the Court on January 7, 2008, by the United States Postal Service as undeliverable, and marked with the notations "Refused", "Return To Sender", and "No Longer Housed At Bayside" (dkt. entry no. 10); and

**THE MAGISTRATE JUDGE**, on January 15, 2008, ordering the plaintiff to show cause why the complaint should not be dismissed for his failure to comply with Local Civil Rule 10.1(a), which states that (1) unrepresented parties must advise the Court of any change in their address within five days of such a change, and (2) the Court may impose sanctions for failure to file a notice of address change ("Second Order") (dkt. entry no. 11);

and the Court mailing a copy of the Second Order to the plaintiff at (1) the address provided by the plaintiff, and (2) a possible forwarding address (see dkt. entry no. 11, Notice of Mailing); and the copy of the Second Order being returned to the Court on February 1, 2008, by the United States Postal Service as undeliverable (dkt. entry no. 12); and

**THE MAGISTRATE JUDGE** issuing, sua sponte, a Report and Recommendation ("Report"), entered February 19, 2008 (dkt. entry no. 13, Rep. & Rec.); and the Report stating that the defendants submitted a letter to the Magistrate Judge's Chambers arguing that they have had no further contact with the plaintiff (id. at 1); and the Magistrate Judge:

> finding that Fed.R.Civ.P. 37(b)(2)(C) authorizes the Court to dismiss an action as a result of a party's failure to obey an order entered under Rule 26(f); and the Court further finding that dismissal of an action pursuant to Rule 37(b)(2) is a matter entrusted to the discretion of the trial court (Curtis T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988)); and the Court finding that although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses (Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)); and the Court finding that when determining whether dismissal is appropriate under Fed.R.Civ.P. 37(b)(2)(C), the test outlined in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1988), is to be applied (see Anchorage Assoc. v. V.I. Bd. of Tax Review, 922 F.2d 168 (3d Cir. 1990) (holding that a Court may consider the Poulis factors when determining a motion to dismiss pursuant to Fed.R.Civ.P.

37(b)(2)(C))); and the Court finding that under Poulis, the Court must weigh (1) the extent of a party's responsibility, (2) the prejudice to the adversary caused by the party's actions or inactions, (3) a history of dilatoriness, (4) whether the conduct of the party was willful or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the merit of the claim or defense (Poulis, 747 F.2d at 868); but the Court noting that while all factors must be considered, not all "need be met for a district court to find dismissal is warranted" (Hicks v. Feeney, 850 F.2d at 156); and the Court further finding that Plaintiff is solely responsible for his failure to provide even the most basic information to the Court or counsel; and the Court further finding that Defendants have been prejudiced by Plaintiffs inactivity, insofar as they have been heretofore required to search out Plaintiff; and the Court further finding that Plaintiff's behavior in prosecuting his case not only evinces a history of dilatoriness, but also that to the extent the instant case [has been] delayed, the delay is purely the result of Plaintiff's inaction; and the Court further finding that although it is unable to assert that Plaintiff's inaction has been a result of bad faith, it is clear that his failure to participate in his case is at least knowing, if not willful; and the Court further finding that although dismissal as a sanction should be one of last resort, no lesser alternative exists, based on Plaintiff's demonstrated lack of interest in proceeding at all; and the Court further finding that even if it concluded that Plaintiff's allegations as proffered in the Complaint would support recovery if established at trial (see Poulis, 747 F.2d at 870), the other factors outlined in Poulis weigh heavily in favor of dismissal;

(Rep. & Rec., at 1-3); and the Magistrate Judge recommending that the complaint be dismissed for the plaintiff's failure to prosecute the matter or comply with Court rules (id. at 3); and

3

**THE COURT** mailing a copy of the Report to two of the plaintiff's addresses (id.); and it appearing that the Report was delivered and received at one of those addresses on or about February 22, 2008 (dkt. entry no. 15, Return Receipt); and it appearing that more than two months have lapsed since the Magistrate Judge issued the Report; and the plaintiff still failing to contact the Court; and

**THE COURT** thus intending to (1) adopt the Report as the Court's opinion, and (2) dismiss the complaint for the plaintiff's failure to abide by Federal Rule of Civil Procedure 37(b) and Local Civil Rule 10.1(a); and for good cause appearing, the Court will issue an appropriate order and judgment.[1]

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

**Dated:**  April 24, 2008

---

[1] The Court would only add that (1) the complaint may also be dismissed because the action has been pending for more than 120 days without any proceedings being taken by the plaintiff, see L.Civ.R. 41.1(a), and (2) the Court is authorized to impose harsh penalties when enforcing the Local Civil Rules, i.e., Local Civil Rules 10.1(a) and 41.1(a).  See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000).